George P. CLOKEY, Appellant,

v.

U. S. PAROLE BOARD et al., Donald M. Clemmer et al., Appellees.

No. 8735.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 9, 1962.

Decided Nov. 7, 1962.

Howard Adler, Jr., Washington, D. C. (Court-assigned counsel), for appellant, George P. Clokey, pro se, on supplemental brief.

MacDougal Rice, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellees.

Before HAYNSWORTH, BRYAN and J. SPENCER BELL, Circuit Judges.

HAYNSWORTH, Circuit Judge.

This prisoner, confined to Lorton Reformatory, complains of the computation

of his good time allowance after his commitment to that institution by the United States Board of Parole. Essentially, his contention is that his good time allowance should be computed under the regulations of the Bureau of Prisons adopted with respect to federal prisoners, in general, under authority of Title 18 U.S.C.A. § 4161.

In 1952, the prisoner was sentenced by the United States District Court for the District of Columbia to a term of three to nine years upon his conviction for an offense in violation of the District of Columbia Code. Several weeks later he was transferred from the District of Columbia jail to the United States penitentiary at Leavenworth, Kansas, where he was confined until October 17, 1958. On that date he was conditionally released because he had accumulated sufficient statutory good time allowance to require his release under Title 18 U.S.C.A. § 4163. Under the terms of his conditional release, he was placed under the supervision of the United States Board of Parole at Washington, D. C. until the expiration of the maximum term of his sentence reduced by 180 days of good time credit.

After his release, the defendant was convicted on two separate occasions of drunkenness, and on another occasion of petty larceny. Thereafter a warrant was issued by the United States Board of Parole, in which the prisoner was charged with violations of the conditions of his release. This warrant was executed on November 30, 1960, and the prisoner was committed to the District of Columbia jail, from which he was later transferred to Lorton Reformatory, an institution located in Virginia, but maintained and operated by the District of Columbia as one of its penal institutions.

Thereafter prison officials determined his release date to be January 27, 1963. The prisoner contends his release date should be November 26, 1962, for he contends that he should accumulate good time at the rate of eight days per month rather than at the rate of six days per month as determined by the prison officials. The difference arises out of the fact that the defendant would be allowed to accumulate good time at the rate of eight days per month if his original sentence were considered as a whole. Indeed, he did accumulate good time at that rate while confined under the original commitment in the District of Columbia jail and in Leavenworth. Section 206 of Title 24 of the D.C.Code contains a provision, however, that when the Board of Parole recommits a released or paroled prisoner, the remainder of the unserved portion of the original sentence shall be considered a new sentence for the purpose of computation of the good conduct allowance. The unserved portion of the original term, considered as a separate sentence, carries with it accumulation of good time at the lower rate than the longer original sentence.

The question then is whether § 206 of Title 24 of the District of Columbia Code properly applies to the computation of good time allowance for this recommitted prisoner now confined in Lorton Reformatory. The contention that it does not is founded principally upon the fact that § 206 speaks of recommitments under authority of the Board of Parole of the District of Columbia rather than recommitments upon the authority of the United States Board of Parole. Though the prisoner here was a District of Columbia offender and the violation of his parole occurred in the District of Columbia and he is now confined in a District of Columbia institution, his commitment was handled by the United States Board of Parole, because of the fact that immediately prior to his conditional release he was confined in the United States penitentiary at Leavenworth, Kansas. Though immediately upon his recommitment the United States Board of Parole lost all further jurisdiction of the prisoner and though his conditional release or parole from Lorton can only be effected by the District of Columbia Board of Parole, it is said that § 206 of Title 24 of the District of Columbia Code has no application for the computation of further good time allowance, since the

88

actual commitment to Lorton was upon the order of the United States Board of Parole.

In Gilstrap v. Clemmer, 4 Cir., 284 F. 2d 804, we had occasion to inquire thoroughly and at length into 24 D.C.Code § 206, as applied in a closely related situation. What we there said requires a conclusion that computation of good time allowance for this prisoner after his recommitment is governed by 24 D.C.Code § 206. We need not consider whether that Section would control the good time computation if this prisoner were now confined in a federal penitentiary outside the control of the District of Columbia, or if a prisoner, though confined in an institution operated by the District of Columbia after recommitment, had received his original sentence in a District Court outside the District of Columbia. We think the plain intention of the Congress, in adopting § 206, is that it would apply where, as in this case, there is a concurrence of the circumstances that the original offense was committed in the District of Columbia, the original sentence was imposed by the District Court of the District of Columbia, and the prisoner, after recommitment, following his conditional release or parole, is presently held in an institution operated by the District of Columbia.

It is to be regretted that there is any difference in the rate of accumulation of good time allowance by federal prisoners recommitted after a conditional release or a parole. The situation would be made the more regrettable, however, if § 206 were held inapplicable in the circumstances of this prisoner, with the result that he should be allowed to accumulate good time allowances after recommitment at a rate more rapid than any other recommitted inmate in the institution in which this prisoner is presently confined.

For the reasons so fully stated by us in Gilstrap, we conclude that prison officials have properly computed this pris-

oner's release date under the provisions of 24 D.C.Code § 206.

The prisoner, himself, advances a number of other contentions which appear to this Court, and to counsel appointed by this Court to represent the prisoner, to be without merit. Court-appointed counsel, however, advances another contention which was not raised below.

Apparently, the prisoner signed a written waiver of counsel at his recommitment hearing before the Parole Board. Printed waiver forms, employed by that Board, were presented to this Court, in which the one charged with violation of parole or of conditional release is advised that he is entitled to be represented by counsel at the recommitment hearing, but that counsel will not be furnished by the Government. It is now contended that this amounts to a denial of equal protection of the laws to an indigent defendant who cannot obtain counsel. Reference is made to the principles of Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, and Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21.

Since this question was not raised in the petition or considered by the court below, the record contains no information as to what actually occurred in the recommitment hearing or at the time at the waiver of counsel. We lack the factual background for decision of this question. Since the question has now been raised, however, we think it appropriate that the case be remanded to the District Court, with leave to the prisoner, if he wishes, within thirty days to move to amend his petition to include factual allegations which would be pertinent to the claim of a right to representation by counsel, without cost to himself, at the recommitment hearing. If the prisoner does not so move to amend his petition, the petition may be, and should be, dismissed by the District Court.

Remanded.