Clarkson **FULLER**, Appellant,

v.

**Kermit A. WEAKLEY**, Superintendent, Lorton Reformatory, Lorton, Va., & D. C. Board of Parole, et al., Appellees.

**No. 9864.**

United States Court of Appeals Fourth Circuit.

Argued May 7, 1965.

Decided Aug. 2, 1965.

Harvey B. Cohen, Arlington, Va. (Court-assigned counsel) [Tolbert, Lewis & Fitzgerald, Arlington, Va., on brief], for appellant.

MacDougal Rice, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellees.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and BUTZNER, District Judge.

J. SPENCER BELL, Circuit Judge:

This is an appeal from an order of the district court dismissing a petition for a writ of habeas corpus without an evidential hearing. The petitioner, Clarkson Fuller, was convicted in the District Court for the District of Columbia of violating 26 U.S.C.A. § 4705(a) (narcotics) and sentenced on February 27, 1959, under the provisions of 26 U.S.C.A. § 7237(b) to six years. He was incarcerated at Lorton, Virginia, a District of Columbia penal institution, where his good time allowance was computed under 18 U.S.C.A. § 4161.

On April 5, 1963, he was given a mandatory good time release under the provisions of 18 U.S.C.A. § 4163 [1] and was placed in a parolee status in compliance with the provisions of 18 U.S.C.A. § 4164 until August 30, 1964, the maximum expiration date of his six year sentence.

On August 14, 1963, a parole violator warrant was issued by the District of Columbia Board of Parole [hereinafter D.C.Parole Board] under the provisions of section 24–205 of the District of Columbia Code [hereinafter D.C.Code] charging that the petitioner had violated the terms of his conditional release.

On December 13, 1963, Fuller was arrested in New York City, convicted on a charge of petit larceny, and sentenced to serve six months in jail. On December 17, 1963, the D.C. parole violator warrant was "placed as a detainer" against the defendant pending the completion of his sentence in New York.

On April 30, 1964, a habeas corpus petition by the defendant was docketed in the United States District Court for the Southern District of New York. According to Fuller's reply in the present proceeding, the New York habeas petition attacked the D.C. parole violator warrant on the ground that "they" were attempting to extradite him from New York for the commission of misdemeanors in the District of Columbia. The petitioner here also alleges that one of the grounds of his New York habeas petition was that the D.C. warrant could not lawfully issue for a breach of the conditions of his good conduct release for reasons which shall be discussed later. The New York habeas petition was set down on the motion docket for a hearing on May 11, 1964.

On May 15 the defendant's New York sentence expired, and on that date the D.C. parole violator warrant was served on him at the Manhattan House of Detention in New York City. Fuller was taken from New York and delivered to a D.C. jail on May 18, 1964.

On June 1, 1964, it appears from the answer of the U. S. Attorney in this case, the New York habeas petition was dismissed without prejudice.[2]

---

1. This statute makes it mandatory to reduce the sentences of all federal prisoners by a specified number of days for good conduct while in jail. Such releasees are placed under restraints and are treated as if they were parolees, in order to enforce their good conduct. Good conduct releases differ from parole in that when earned, they are mandatory, and they can be granted in cases where parole is not available.

2. "When petitioner filed this application for a writ of habeas corpus, he was in confinement at Rikers Island by virtue of a conviction for petit larceny in the New York state courts. The respondent named in the application was the warden of the penitentiary where petitioner was confined. On May 15, 1964, petitioner was released from the latter's custody and turned over to federal authorities for return to Lorton Reformatory in Virginia

On June 10, 1964, the defendant was convicted in the Court of General Sessions for the District of Columbia of two misdemeanors and sentenced to serve a total term of 360 days. These sentences were not completed when this habeas petition was filed on June 29, 1964.[3] It is for these misdemeanors that the defendant alleges he was illegally "extradited" from New York City.

Fuller's current habeas corpus petition was dismissed by the District Court for the Eastern District of Virginia on August 3, 1964. This appeal followed.

The appeal raises three issues. *First*, the petitioner contends that the provisions of the D.C.Code[4] relating to indeterminate sentences and paroles do not apply to him because he was convicted of violating a general federal statute, as distinguished from a criminal law of the District of Columbia, and because he was released under the federal mandatory good time statute. Consequently, he argues, the D.C. Parole Board was without power to arrest him under the D.C.Code provision authorizing the arrest of parole violators. This argument is without merit. In Gould v. Green, 78 U.S.App.D.C. 363, 141 F.2d 533 (1944), this very point was settled. There the prisoner had been sentenced under the Dyer Act (a general federal law), had been imprisoned in a D.C. penal institution, and had subsequently received a mandatory good time release. He was recommitted on a parole violator warrant issued by the D.C. Parole Board. The Court of Appeals for the District of Columbia Circuit upheld the order of recommitment, holding that there was no doubt that the D.C. Parole Board had the same powers over prisoners confined in D.C. institutions for violating general federal statutes as the U.S. Parole Board had over violators of general federal statutes confined in institutions outside the District.[5] It specifically held that the federal mandatory good time release provisions, including the predecessor of 18 U.S.C.A. § 4164, applied to violators of general federal statutes confined in District of Columbia institutions.

In Gould there was no issue involving the recomputation of the prisoner's remaining term, because the provisions of the federal statute and the D.C.Code were identical. Subsequently the D.C.Code was amended to provide for a method of sentence recomputation which resulted in a longer confinement upon recommitment for D.C. prisoners. In Howerton v. Rivers, 326 F.2d 653 (D.C. Cir. 1963), the court held under factual circumstances identical to this case that the provisions of the D.C. Code relating to recomputation of sentence applied upon recommitment to a D.C. prisoner, even though he had originally violated a general federal law. Neither Gilstrap v. Clemmer, 284 F.2d 804 (4 Cir. 1960), nor Clokey v. United States Parole Board, 310 F.2d 86 (4 Cir. 1962), is contra on the facts, for both of these cases dealt with prisoners who had violated provisions of the D.C. Code, the former having been confined at all times in a D.C. institution and the latter having been confined for part of his sentence in an institution outside the District but later having been recommitted to a D.C. institution. It is true that there was a suggestion in both those cases, contrary to the holding in the Hower-

---

under a mandatory release violator warrant. Since petitioner at this time is outside the territorial jurisdiction of this Court and there is no respondent within the jurisdiction of this Court who has present custody of petitioner, the petition for a writ is dismissed without prejudice to whatever remedies petitioner may have in the jurisdiction where he is presently incarcerated. (Citations omitted.)

"So ordered.

"Dated: New York, N. Y.
    June 1, 1964
        /s/ Wilfred Feinberg
            U.S.D.J."

3. It appears from the district court's opinion that Fuller is presently serving the balance of his original sentence, subject to a good time release revocation hearing.

4. §§ 24–201a through 24–209.

5. 141 F.2d at 535.

ton case, that a D.C.Code violator upon recommitment should have his sentence computed under the D.C.Code provisions and a general federal law violator should have his sentence computed under the federal statutes, in both cases without regard to the place of confinement. However, we are not here concerned with the term of the prisoner's recomputed sentence.[6] Our sole concern is with the power of the D.C. Parole Board to arrest and recommit Fuller, and we are persuaded by Gould and Howerton that it had such power.

■ *Second*, the petitioner contends that even if he, a general federal violator, was subject to the provisions of the D.C. Code pertaining to parole, the D.C. Parole Board did not have the power to issue the parole violator warrant in this case because the terms of 26 U.S.C.A. § 7237(d) [7] specifically make the sections of the D.C.Code dealing with parole violators (including the right to rearrest) inapplicable to narcotics offenders. This argument is also without merit. To construe a statute the expressed intention of which was to deny a narcotics violator the benefits of parole in such a way as to make his case an exception to the statute which places restrictions on prisoners conditionally released on good time would indeed be an incongruous interpretation. The short answer to the petitioner's argument is that the D.C. Parole Board acted under authority of 18 U.S.C.A. § 4164 in placing conditions upon his release. As Gould v. Green, supra, has held, this section is applicable to D.C. prisoners, and it is not affected by the provisions of 26 U.S.C.A. § 7237(d). United States v. Figueroa, 325 F.2d 418 (2 Cir. 1963).

*Finally*, the petitioner alleges that he was unlawfully removed from New York to the District of Columbia. He bases his argument upon two grounds: first, he asserts that he was removed from the Southern District of New York while he had pending in that district a petition for a writ of habeas corpus and second, he claims that he was arrested and removed without the hearing called for in Rule 40(b) of the Federal Rules of Criminal Procedure.

■ We think these allegations of fact standing alone would raise nonfrivolous issues which would merit consideration at a plenary hearing. In Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963), a case involving the interpretation of various United States parole statutes and regulations issued thereunder, the court laid down detailed guidelines to be applied to prisoners either on parole or in parole status by virtue of having been conditionally released on good time. This decision emphasized the critical aspects of the exercise of a parole board's power in arresting a parolee and transporting him hundreds of miles before affording him any sort of hearing. The court said:

> "While the retaking is not 'an arrest within the meaning of the constitutional provisions,' Story v. Rives, 68 App.D.C. 325, 97 F.2d 182 (1938), the use of the terms 'warrant' and 'arrest' by Congress and vesting in the Board the power to issue the warrant satisfy us that something more than casual processes or varying improvisations was intended." 318 F.2d at 244.

The court directed the U.S. Parole Board to amend its regulations, if necessary, to require that a parole violator warrant contain a statement of the alleged violations of the conditions of parole or that a copy of the Board's application

---

6. Under either method of computation, the prisoner would not yet be entitled to release.

7. The pertinent parts of 26 U.S.C.A. § 7237(d) read as follows:
   "§ 7237. *Violation of laws relating to narcotic drugs and to marihuana*
   "(d) *No suspension of sentence; no probation; etc.*—Upon conviction—(1) of any offense the penalty for which is provided in subsection (b) of this section * * * the imposition or execution of sentence shall not be suspended, probation shall not be granted, section 4202 of title 18 of the United States Code shall not apply, and the Act of July 15, 1932 (47 Stat. 696; D.C.Code 24–201 and following), as amended, shall not apply."

for such a warrant be attached to any warrant which is issued in order that the parolee may have reasonable notice of the grounds asserted as the basis for the revocation of his release and a reasonable opportunity to refute the charges. The copy of the parole violator warrant which the petitioner attaches to the pleadings in this case contains neither. The Hyser opinion requires that the prisoner be given an informal hearing at or near his place of arrest before being transferred to a distant prison. The petitioner here alleges that he was "virtually kidnapped from another jurisdiction where a [petition for a] writ of habeas corpus was pending contesting their [D.C. Parole Board] right to place him in involuntary servitude."

 Other facts appear from the record before us, however, which when considered in the light of our conclusion that the D.C. Parole Board did have supervision over the petitioner, obviate the necessity of granting him a plenary hearing at this time. We would under no circumstances condone the conduct of the officers in removing the defendant from New York without a Rule 40(b) hearing if in fact the situation were as alleged by the petitioner. Fuller alleges that his New York habeas petition attacked the D.C. Parole Board's power to issue a parole violator warrant for him, and on this point we have decided that he is wrong as a matter of law. Consequently, he has had his hearing on this issue, late though it may be. He has also admitted that he was convicted of a crime in New York while he was on mandatory good time release. Nor does he attack the validity of his misdemeanor convictions in the Court of General Sessions for the District of Columbia for offenses which occurred while he was on good time release. His contention is that he could not be "extradited" for trial on misdemeanor charges. A copy of the misdemeanor sentences is attached to the Government's response to his habeas petition. These facts would clearly entitle the Board to issue the parole violator warrant for his arrest, even

though at his Board hearing later the evidence might conceivably show that he was not subject to recommitment. Thus the petitioner himself has alleged facts which make it unnecessary that he be afforded further relief for any improper conduct by which he was returned to custody in the District of Columbia for violating his conditional release. The order of the district court denying Fuller's petition for a writ of habeas corpus is therefore affirmed.

Affirmed.