Thomas GASKINS, Appellant,

v.

The Honorable Robert F. KENNEDY, Attorney General, and Kermit A. Weakley, Superintendent, D. C. Reformatory, Lorton, Virginia, Appellees.

No. 9863.

United States Court of Appeals Fourth Circuit.

Argued May 7, 1965.

Decided Aug. 2, 1965.

Harvey B. Cohen, Arlington, Va. (Court-assigned counsel) [Tolbert, Lewis & Fitzgerald, Arlington, Va., on brief], for appellant.

MacDougal Rice, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellees.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and BUTZNER, District Judge.

J. SPENCER BELL, Circuit Judge:

This appeal is from an order of the District Court for the Eastern District of Virginia dismissing a petition for a writ of habeas corpus without an evidential hearing. The district court entertained the habeas petition filed on June 29, 1964, and required the United States to make a return showing why the writ should not be granted. Thereafter the court, being of the opinion that the petitioner, Thomas Gaskins, was lawfully confined, dismissed the petition.

Gaskins, after having been convicted of violating 21 U.S.C.A. § 174 and 26 U.S.C.A. §§ 4704(a) and 4705(a) (narcotics violations), was sentenced on February 15, 1957, by the United States District Court for the District of Columbia to a prison term of nine years. He was confined in the District of Columbia Reformatory at Lorton, Virginia, where his good time allowance was computed under the provisions of 18 U.S.C.A. § 4161. He was conditionally released from Lorton on April 29, 1963, under the provisions of 18 U.S.C.A. § 4164,[1] to remain in that status under the general supervision of the District of Columbia Board of Parole [hereinafter D.C. Parole Board] until the expiration of his sentence on August 18, 1965.

On December 24, 1963, a parole violator warrant was issued for Gaskins' arrest by the D.C. Parole Board pursuant to section 24–205 of the District of Columbia Code [hereinafter D.C. Code] for alleged violations of the conditions of his release. On December 30, 1963, the warrant was executed, and Gaskins was returned to Lorton where his sentence was recomputed under the appropriate provisions of the D.C. Code, resulting in a mandatory release date of March 29, 1966. On February 20, 1964, the petitioner was given a hearing on the al-

---

1. This section provides in essence that a prisoner who has been conditionally re-

leased "shall upon release be treated as if released on parole * * *."

leged violations of the conditions of his good time release; after this hearing the D.C. Parole Board, acting under section 24–206 of the D.C. Code, entered an order revoking his conditional release. Gaskins then filed the petition involved on this appeal.

 Counsel for the petitioner asserts that he is presently illegally confined for three reasons: (1) as one who was convicted of violating a general federal law (as distinguished from a criminal statute of the District of Columbia), he is not subject to the supervision of the D.C. Parole Board, and therefore section 24–206 of the D.C. Code empowering the D.C. Parole Board to revoke a parole release is not applicable to him; (2) as a narcotics violator subject to the mandate of 26 U.S.C.A. § 7237(d), he is not subject to the provisions of the D.C. Code dealing with parole, specifically sections 24–201a through 24–209; and (3) he was denied due process when counsel was not assigned to him as an indigent at the hearing held prior to the revocation of his conditional release.

The petitioner's first two contentions are without merit for the reasons stated in our opinion announced this day in *Fuller v. Weakley*, 349 F.2d 90. As for his third assertion, the prisoner's petition itself states that his conditional release was revoked because he failed to make a required report to his parole supervisor in November, 1963, and Gaskins has never disputed this factual allegation. The response of the Government in this proceeding has appended to it an affidavit of the Secretary of the D.C. Parole Board which recites that the petitioner violated the terms of his conditional release in this and other respects. In *Jones v. Rivers*, 338 F.2d 862 (4 Cir. 1964), a panel of this court considered the question of the right of an indigent parolee or conditional releasee to be provided with counsel to represent him at a revocation hearing. Although the members of that panel expressed divergent views, we accept the decision in *Jones* as holding, at the very least, that at a routine rev-

ocation hearing where the factual basis for revocation is not disputed, an indigent violator of the terms of his conditional release is not entitled to have counsel appointed to represent him. The instant case comes within that holding in *Jones*. See also Hyser v. Reed, 115 U.S. App.D.C. 254, 318 F.2d 225, 238 (1963).

For these reasons the order of the district court is affirmed.

Affirmed.