**UNITED STATES of America, Plaintiff,**

v.

**$27,000.00, MORE OR LESS, IN UNITED STATES CURRENCY, Defendant.**

(Carl Ridgeway, Criminal No. 5:91–00116).

**Civ. A. No. 5:94–0424.**

United States District Court,
S.D. West Virginia,
at Beckley.

Oct. 11, 1994.

Betty A. Pullin, Asst. U.S. Atty., for plaintiff.

Carl Ridgeway, pro se.

### ORDER

HALLANAN, District Judge.

This matter is before the Court via Claimant Carl Ridgeway's *pro se* Motion for Appointment of Counsel.

Claimant pled guilty on February 11, 1993 to a one count information charging him with conspiracy to distribute marihuana and cocaine. Claimant is currently incarcerated at F.C.I. Phoenix where he is serving a term of imprisonment of one hundred eight (108) months. The instant matter is a forfeiture proceeding pursuant to 21 U.S.C. Section 881 against approximately $27,000.00 in cash seized from Claimant on December 13, 1989. On June 2, 1994 United States Magistrate Judge Mary S. Feinberg found there was probable cause to believe that said currency constituted the proceeds of illegal drug trafficking.

Claimant was notified of the instant forfeiture proceeding against the defendant currency and brought this motion and accompanying memorandum on August 11, 1994, urging the Court to appoint counsel to represent Claimant as a person with an interest in the defendant currency.

Forfeiture pursuant to 21 U.S.C. Section 881 is a civil proceeding. *In re One 1985 Nissan,* 889 F.2d 1317 (4th Cir.1989). As Claimant notes, the Court cannot "appoint" counsel to represent a party in a civil proceeding, but may only "request" that an attorney represent a civil litigant who is unable to employ counsel. 28 U.S.C. Section 1915(d); *Mallard v. U.S. District Court for the Southern District of Iowa,* 490 U.S. 296, 300–02, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989); *Spears v. United States,* 266 F.Supp. 22 (S.D.W.Va.1967). Whether to request such assistance for a civil litigant is a privilege which rests in the sound discretion of the district court. *United States ex rel. Gardner Moss v. Madden,* 352 F.2d 792 (9th Cir.1965); *Spears v. U.S.,* 266 F.Supp. at 25. Before the Court is justified in exercising that discretion, it must first appear that a claim has some merit; otherwise such a request becomes a hardship to counsel. *Spears v. U.S.,* 266 F.Supp. at 25. In prisoner civil rights (Section 1983) cases, cases which Claimant implies are analogous to his claim, there is a presumption against appointment of counsel except in exceptional circumstances. In civil cases where no loss of liberty would result, the Supreme Court has created a rebuttable "presumption against the right to appointed counsel." *Lassiter v. Department of Social Services of Durham County, North Carolina,* 452 U.S. 18, 31, 101 S.Ct. 2153, 2162, 68 L.Ed.2d 640 (1981).

*Maclin v. Freake,* 650 F.2d 885 (7th Cir.1981), sets out a standard by which counsel can be appointed in Section 1983 cases. Initially, the Court must consider whether the Section 1983 Plaintiff has a colorable claim and only if the claim is colorable will the court look at first, the nature and complexity of the factual issues, second, the complexity of the legal issues and third, the

capability of the Plaintiff to represent his claim without assistance of counsel.

◼ Applying these factors to the instant matter, Claimant has made no showing that his claim to the seized currency has any merit besides his bald assertion that "the money was not obtained from or used to facilitate the exchange of a controlled substance." Page 2 of Claimant's Brief in Support of Motion for Appointment of Counsel (Claimant's Brief). Further evidence of his claim's lack of merit is the fact that Claimant has made no allegation or showing that he has tried to procure counsel on a contingent fee basis. Were this a claim with merit, Claimant should have had no problem finding an attorney willing to represent him for a portion of the currency at issue.

Claimant avers that the issues of law and fact in his claim are ones of great complexity but never articulates for the Court just what those complex issues are or how they are complex. With nothing more than Claimant's assertion that the issues are complex, the Court cannot conclude that this is so.

Claimant somewhat disingenuously maintains that he is not up to the task of answering Plaintiff's interrogatories without legal representation, appearing troubled by the meaning of such legal terms as "probable cause" and "innocent owner." Page 4 of Claimant's Brief. However, he, or the inmate assisting him, have done a serviceable job in the preparation of his Motion, cavalierly tossing out words like "axiomatic" and phrases like "abuse of discretion." Page 1–2 of Claimant's Brief.

Finally, Claimant maintains that his claim requires records dating back to World War II to which Claimant has no access while he is incarcerated. Page 2–3 of Claimant's Brief ("Claimant is in no position to investigate the crucial facts needed to prove his claim. Claimant is in prison. Had the government not waited to bring this action until *after* Claimant was in prison, Claimant could easily have marshalled his evidence" (emphasis in original)). While this may indeed be true, such is one of the many hazards of a criminal career.

Because Claimant has failed to show why the Court should exercise its discretion to request a member of the Bar to spend his or her valuable time and resources assisting Claimant, the Court declines to do so. Claimant's Motion for Appointment of Counsel is therefore **DENIED**.

◼ For the reasons mentioned in the Court's discussion of Claimant's Motion for appointment of counsel, the Court will not grant Claimant's alternative request that the Court order Plaintiff to release $8,000.00 of the seized res and stay discovery until Claimant hires competent counsel. *See United States v. Sammons,* 918 F.2d 592, 598 (6th Cir.1990) (refusing to return assets seized at time of arrest does not deprive defendant of right to counsel of his choosing). *See also United States v. One Residential Property Located at 501 Rimini Road, Del Mar, California* 733 F.Supp. 1382, 1386 (S.D.Cal.1990) (civil forfeiture of illicit proceeds which would otherwise be used to pay attorney fees does not violate a criminal defendant's Sixth Amendment right to counsel). Therefore, Claimant's request that the United States be ordered to release part of the defendant currency and stay discovery is DENIED.

Of course, Claimant is free to retain counsel on a contingency basis and should not have any problem doing so if his claim is, as he says, meritorious.

◼ Claimant also asserts that the delay between the December 13, 1989 seizure of the defendant currency and the United States' May 31, 1994 Verified Complaint of Forfeiture is prejudicial to Claimant. *See United States v. Turner,* 933 F.2d 240, 246 (4th Cir.1991) (unreasonable delay in instituting forfeiture proceeding may constitute a due process violation).

Claimant's contention is that although the currency in question was seized on December 13, 1989, this action was not brought until May of 1994, nearly four and a half years later. A closer look at the time frame of this matter reveals that Claimant was not indicted until April 16, 1991 and was not arrested on an bench warrant until October 13, 1992. On February 11, 1993 Claimant pled guilty to the one count information charging him with

conspiracy to distribute marihuana and cocaine between 1987 and 1990. He was sentenced on April 20, 1993. The seizure of the defendant currency was well within the period of the offense conduct for which Claimant pled guilty.

The Court must balance the length of delay, reason for delay and prejudice to claimant to determine whether delay was unreasonable. *United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in United States Currency*, 461 U.S. 555, 562–65, 103 S.Ct. 2005, 2011–12, 76 L.Ed.2d 143 (1983). The Court finds that any delay between the seizure of the defendant currency in 1989 and this forfeiture action was excusable. The events which led law enforcement authorities to seize the defendant currency were the United States' first evidence of Claimant's illegal activities. The United States then gathered evidence for fifteen months before indicting Claimant. Claimant was then a fugitive from justice for six months following his indictment and the issuance of a bench warrant for his arrest. Claimant pled guilty four months after his arrest and was sentenced two months later. The United States brought the instant action a little more than a year after Claimant's sentencing. None of the periods of time which elapsed in this matter constitute unreasonable delay but are, rather, the normal course of events for a criminal investigation and prosecution and subsequent civil forfeiture. Furthermore, as Claimant notes on Page 2 of his Brief, any prejudice to Claimant results from his incarceration and since he has been in the custody since October of 1992, any prejudice to him has not changed since that time.

The Clerk is directed to send a copy of this Order to all counsel of record and to Claimant Carl Ridgeway, *pro se*.

IT IS SO ORDERED.