## EVANS v. HUNTER.
### No. 3474.

Circuit Court of Appeals, Tenth Circuit.
July 14, 1947.

---

Victor J. Evans, pro se.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus.

On November 21, 1934, Evans was convicted in the District Court of the United States for the Southern District of Florida on an indictment charging violations of 18 U.S.C.A. § 338. The indictment charged that the offenses were committed in 1934. He was sentenced to imprisonment for a term of five years, and was committed to the United States Penitentiary at Atlanta, Georgia. Under the Act of June 21, 1902, 18 U.S.C.A. § 710, he was credited with 480 days for good conduct and was released on July 28, 1938.

The Act of June 29, 1932, 47 Stat. 381, 18 U.S.C.A. §§ 716a and 716b provide:

"§ 716a. * * * Any prisoner sentenced after June 29, 1932, who may be paroled under authority of the parole laws, shall continue on parole until the expiration of the maximum term or terms specified in his sentence without deduction of such allowance for good conduct as is or may hereafter be provided for by law.

"§ 716b. * * * Any prisoner who shall have served the term or terms for which he shall after June 29, 1932 be sentenced, less deductions allowed therefrom for good conduct, shall upon release be treated as if released on parole and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms specified in his sentence: * * *."

The Act of May 13, 1930, as amended by the Act of June 29, 1940, 18 U.S.C.A. § 723c, provides that the Board of Parole, or any member thereof, shall have the exclusive authority to issue warrants for the retaking of any United States prisoner who has violated his parole; that the unexpired term of imprisonment of such prisoner shall begin to run from the date of his return to custody of the Attorney General under such warrant; and that the time such prisoner was on parole shall not diminish the time he was originally sentenced to serve.

Section 6 of the Act of June 25, 1910, as amended by § 3 of the Act of June 29, 1940, 18 U.S.C.A. § 719, provides that when a prisoner has been retaken upon a warrant issued by the Board of Parole, he shall be given an opportunity to appear before the Board of Parole, a member thereof, or an examiner, designated by the Board, and that such Board may then, or at any time within its discretion, revoke the order of parole and terminate such parole, and that if such order of parole shall be revoked and the parole terminated, the prisoner shall serve the remainder of the sentence originally imposed, and that the time such prisoner was out on parole shall not be taken into account to diminish the time for which he was sentenced. Section 719, supra, as originally enacted, provided that the time such prisoner was on parole should not

**802**

diminish the time he was originally sentenced to serve. See 36 Stat. p. 820.

On September 22, 1938, before the expiration of the five-year sentence, a member of the Board of Parole issued a warrant which recited that reliable information had been presented to him that petitioner had violated the terms of his parole, and which directed that petitioner be arrested and returned to the United States Penitentiary at Atlanta, Georgia. However, before the warrant was served, petitioner was arrested in the Northern District of Ohio on an indictment charging violations of 18 U.S.C.A. § 338. He was tried and convicted on such indictment and sentenced to imprisonment for a term of 10 years, and was committed to the United States Penitentiary at Leavenworth, Kansas. With deductions for good conduct, he became eligible for release under the second sentence on July 14, 1946. On that date, the warrant referred to above was served and he was held in custody to serve the unserved portion of 480 days of the first sentence.

On August 14, 1946, petitioner filed an application for a writ of habeas corpus. After a hearing, the trial court discharged the writ and remanded petitioner to the custody of the warden.

At the hearing below, petitioner, through his counsel, announced that there were no issues of fact, and stated that the sole grounds upon which petitioner sought relief were that § 716b, supra, is in conflict with § 710, supra, and is unconstitutional, and that the Board of Parole was without jurisdiction to issue the warrant and order petitioner to serve the unserved portion of his first sentence. He expressly abandoned all other grounds set up in the application for the writ.

The trial court found that the Board of Parole, in accordance with law, accorded petitioner a hearing, revoked its previous order of parole, and ordered petitioner to serve the unserved portion of the first sentence.

■ Petitioner here asserts that the record does not support such finding. Exhibit E, introduced by the respondent below, under the heading, "Action of Board," sets forth the following: "Parole War. Is. Rev." At the hearing, counsel for petitioner stated that the Board of Parole had issued a warrant for petitioner's arrest and remanded petitioner to custody. He further stated that he was not questioning the procedure taken by the Board of Parole under the statute, but was challenging the validity of the statute and the jurisdiction of the Board of Parole to act. After the judgment was entered below, petitioner filed a motion to vacate the judgment and for a rehearing. In that motion, he did not challenge the fact that the Board of Parole had entered an order revoking its order of parole and terminating the parole. Such being the posture of the case, we do not think that petitioner may here urge that the Board of Parole did not enter an order revoking its order of parole and terminating the parole.

■ When a prisoner, while under parole from a Federal penitentiary, commits another Federal offense for which he is charged, convicted, sentenced, and imprisoned, the service of his original sentence is interrupted and suspended and his imprisonment is attributable to his second sentence only until it has been served.[1]

■ Here, the petitioner was sentenced to serve a term of five years for an offense committed subsequent to the effective date of § 716b, supra. His release under the first sentence was a conditional release and he was subject to all the provisions of law relating to the parole of United States prisoners until the expiration of the maximum term of the first sentence. Since service under the first sentence was interrupted and suspended while petitioner was in custody under the second sentence, the first sentence did not run concurrently with the second, the full term of the first sentence had not been completed, and petitioner remained subject to the jurisdiction of the Board of Parole under the first sentence.[2]

It follows that the Board of Parole had jurisdiction to issue a warrant for the ar-

[1] Zerbst v. Kidwell, 304 U.S. 359, 361, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808.

[2] Zerbst v. Kidwell, 304 U.S. 359, 361, 362, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808.

rest of petitioner, to revoke its order of parole, and to direct that petitioner be confined for the unserved portion of the first sentence.

Petitioner's contention that § 716b, supra, is unconstitutional is wholly tenuous. Clearly, with respect to offenses committed after June 29, 1932, the date of the approval of § 716b, supra, Congress had the power to condition the release of prisoners after service of the maximum sentence, less deductions for good conduct, and to provide that prisoners so released should be subject to the provisions of the parole laws. As to such offenses, Congress had the power to take away credit for good conduct and, obviously having that power, it could condition such releases.[3] Whether Congress could condition such releases for offenses committed prior to June 29, 1932, is not here presented and is not decided.

The order discharging the writ is affirmed.

---

[3] See Chandler v. Johnston, 9 Cir., 133 F.2d 139, 142.