**Roy H. CHRISTOPHER, Appellant,**

v.

**The STATE OF IOWA, Appellee.**

**No. 17483.**

United States Court of Appeals Eighth Circuit.

Nov. 1, 1963.

Roy H. Christopher in pro. per.

Evan L. Hultman, Atty. Gen., of Iowa, Des Moines, Iowa, represented the State of Iowa in the District Court. Nothing filed or appearance entered for appellee in this Court.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant, an inmate of the Iowa State Penitentiary, filed suit under the federal declaratory judgment statute, 28 U.S. C.A. §§ 2201–2202, seeking to have it declared (a) that he had been denied due process and equal protection by the State of Iowa, in that the Supreme Court of Iowa had failed to render any decision on a petition for certiorari filed by him on July 19, 1962, and heard by the court "on or about November 22, 1962"; and (b) that such failure operated to deprive him of a review of his conviction, or the means of obtaining such a review, and entitled it to be decreed, "in declaration of constitutional right to judicial remedy", that the judgment against him was a nullity and that he could not be held in further restraint thereunder.

Without regard to other grounds on which the trial court might also have been entitled to make denial of the complaint upon its face, appellant's attempt here to have the order of denial reviewed must be dismissed as frivolous, for the reason, as we held in Waldon v. State of Iowa, 8 Cir., 323 F.2d 852 that a prisoner may not seek a declaratory determination under 28 U.S.C.A. § 2201 as to validity of a state-court judgment which he is engaged in serving.

As we emphasized in the Waldon case, Congress had long before the enactment of the declaratory judgment statute seen fit to authorize the lower federal courts, in this sensitive area of federal-state relationship, to act only on the body of a state prisoner and not on the judgment against him, and had directed that even such action ordinarily be not engaged in until after the prisoner had afforded the state courts the opportunity to examine and deal with his claims of unconstitutionality through such remedies as the state had provided and as were existingly available for this purpose. See 28 U.S. C.A. § 2254 and Fay v. Noia, 372 U.S. 391, 431, 83 S.Ct. 822, 844, 9 L.Ed.2d 837.

There is nothing to suggest that in enacting the federal declaratory judgment statute Congress intended to make any departure from this long-existing policy of deference and restraint, nor is there any basis to contend that the remedy as thus previously existing is inadequate, so as to call for application of the declaratory judgment statute, in inharmonious purpose, inconsistent policy and provocative circumvention as to exhausting state remedies and as to permitting federal judicial reach to be made, not against the judgment, but as the unconstitutional restraint existing.

We need accordingly merely repeat what we said in the Waldon case that, insofar as appellant has any basis to claim that his restraint is void for constitutional violation, the only remedy open to him in the federal district court is habeas corpus, after he has exhausted his available state remedies.

Appeal dismissed as frivolous.