UNITED STATES of America, Appellee,

v.

Luis FIGUEROA, Appellant.

No. 160, Docket 28386.

United States Court of Appeals Second Circuit.

Submitted Nov. 21, 1963.

Decided Dec. 18, 1963.

Luis Figueroa, pro se.

John W. Mills, Charles A. Stillman, Asst. U. S. Attys., Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, for appellee.

Before MEDINA, WATERMAN and MARSHALL, Circuit Judges.

MEDINA, Circuit Judge.

Having pleaded guilty to three counts of an indictment charging violations of the narcotics laws the prisoner received sentences of five years on each count, to be served concurrently. Under a certificate of mandatory release he received credit for 580 days of statutory good time allowance, pursuant to 18 U.S.C. § 4161, and was released. The certificate of mandatory release, issued on December 6, 1961, stated that he would be under the jurisdiction of the Parole Board, as provided in 18 U.S.C. § 4164, and specified certain conditions, which the prisoner acceded to. One of these conditions was:

"10. That I will not purchase, possess, use, consume, or administer narcotic drugs or marihuana in any form, or frequent places where such articles are unlawfully sold, dispensed, used, or given away."

On December 10, 1962 petitioner signed an affidavit admitting reversion to narcotics and he was returned to custody as a parole violator on December 18, 1962.

In his petition for habeas corpus he claimed to be entitled to immediate release on the ground that his release must be regarded as absolute and that the terms of the certificate stating that he would be under the jurisdiction of the Parole Board, and the conditions imposed upon and acceded to by him, were void and of no effect. The argument is based on 26 U.S.C. § 7237 (d) which provides in substance that upon conviction for offenses under the narcotics laws "the imposition or execution of sentence shall not be suspended, probation shall not be granted" and that 18 U.S.C. § 4202, relative to "release on parole after serving one-third of" the term of imprisonment or after serving fifteen years of a life sentence, shall not apply. From this he would have us infer that his release became an absolute discharge. The difficulty with this argument is that 18 U.S.C. § 4164 specifically provides that "A prisoner having served the term or terms for which he shall have been sentenced after June 29, 1932, less good time deductions, shall upon release be treated as if released on parole," subject to all the provisions of law relating to federal prisoners. Thus, so far as parole is concerned only 18 U.S.C. § 4202 is made inapplicable to narcotics offenders. 18 U.S.C. §§ 4163 and 4164, which relate to mandatory release for good time, are not referred to in 26 U.S.C. § 7237(d) and these Sections remain in effect with respect to narcotics offenders.

The prisoner was properly paroled and, on violation of the conditions of his release, he was lawfully returned to custody, to serve the balance of the term for which he was sentenced. 18 U.S.C. § 4207.

The order of Judge Palmieri dismissing the petition for habeas corpus is affirmed.