Frederick **POWELL**, Appellant,

v.

**D. C. PAROLE BOARD** et al., Appellees.

No. 19240.

United States Court of Appeals District of Columbia Circuit.

Argued June 14, 1965.

Decided July 12, 1965.

Mr. Perry S. Patterson, Washington, D. C. (appointed by this court), for appellant.

Mr. John R. Kramer, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Mrs. Ellen Lee Park, Asst. U. S. Attys., were on the brief, for appellees.

Before FAHY, McGOWAN and LEVENTHAL, Circuit Judges.

FAHY, Circuit Judge.

Appellant had served sentence for violation of the narcotic laws, 26 U.S.C. § 4705 (1964). His sentence had been imposed pursuant to 26 U.S.C. § 7237(d) (1964), applicable to second offenders. His commitment was to the District of Columbia Reformatory at Lorton, Virginia. He was mandatorily released from that institution pursuant to 18 U.S.C. §§ 4163, 4164 (1964). Upon being released he was placed under the supervision of the appellee Board of Parole of the District of Columbia until September 14, 1969, the expiration of his sentence less 180 days. He sued in the District Court for a judgment that upon being released he was not validly subject to any further control. The trial court granted summary judgment in favor of appellee Board.

Appellant's contention is that although Section 4164 provides that one released thereunder shall "be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days," nevertheless 26 U.S.C. § 7237(d) under which he was sentenced provides that D.C.Code §§ 24–201 et seq., as amended, which created the District of Columbia Board of Parole and describes its functions "shall not apply" to sentences imposed under Section 7237 (d).[1]

■■ We need not determine for all purposes the effect of the "shall not apply" language contained in this reference in Section 7237(d) to D.C.Code §§ 24–201 et seq. For purposes of this case we are clear that the language cannot fairly be read to render inapplicable, with respect to one committed to and mandatorily released from the District of Columbia Reformatory, the provision of 18 U.S.C. § 4164 that he shall "be deemed as if released on parole." Since we can reasonably do so we must give effect to this provision as well as the particular language of Section 7237(d) relied upon by appellant; for nothing suggests a statutory plan for mandatory release of one in the situation of appellant different from the plan applicable to those convicted for like offenses but released in another jurisdiction. The "shall not apply" language is operative to preclude appellee Board from paroling one sentenced under 26 U.S.C. § 7237(d) as a second offender, without, however, precluding the Board from supervising a mandatory releasee who is "deemed as if released on parole."[2] In arriving at the intent of Congress Section 7237(d) and Section 4164 are thus to be considered together. The result is that utilization of

1. 26 U.S.C. § 7237(d) reads as follows:
   (d) No suspension of sentence; no probation; etc.—Upon conviction—
   (1) of any offense the penalty for which is provided in subsection (b) of this section, subsection (c), (h), or (i) of section 2 of the Narcotic Drugs Import and Export Act, as amended, or such Act of July 11, 1941, as amended, or
   (2) of any offense the penalty for which is provided in subsection (a) of this section, if it is the offender's second or subsequent offense,
   the imposition or execution of sentence shall not be suspended, probation shall not be granted, section 4202 of title 18 of the United States Code shall not apply, and the Act of July 15, 1932 (47 Stat. 696; D.C.Code 24–201 and following), as amended, shall not apply.

2. A logical explanation of the "shall not apply" language in Section 7237(d) is that Congress wanted to insure that a suspended sentence could not be given a second offender and that the somewhat liberal District of Columbia indeterminate sentence provision, 24 D.C.Code § 203, should not apply to such a case. See H.R.Rep. No. 2388, 84th Cong., 2d Sess., p. 4 (1956).

appellee Board in carrying out the provision of Section 4164 that a releasee shall "be deemed as if released on parole" is not inconsistent with the general inapplicability of the parole powers of the Board to second offenders committed pursuant to Section 7237(d).

Affirmed.