Isaac **WEBER**, Appellant,

v.

**J. T. WILLINGHAM**, Warden, Appellee.

No. 8426.

United States Court of Appeals
Tenth Circuit.

Feb. 16, 1966.

Richard W. Breithaupt, Denver, Colo., for appellant.

James R. Ward, Topeka, Kan. (Newell A. George, Topeka, Kan., was with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

PER CURIAM.

The petitioner on conviction of the narcotic laws (21 U.S.C. § 174) was sentenced to a term of 10 years. Section 7237(d), Title 26 U.S.C. provides in substance that upon conviction of offenses under the narcotic laws "the imposition or execution of sentence shall not be suspended, probation shall not be granted" nor shall Section 4202, Title 18 U.S.C. relative to "released on parole after serving one-third" of a sentence be applicable.

After serving his full sentence with statutory good time allowance as provided in Section 4161, Title 18 U.S.C., petitioner was issued a certificate of mandatory release as provided in Section 4163 "as if on parole" pursuant to Section 4164. Subsequent to his release, he was retaken into custody for violation of the terms of his release. While serving the remainder of his sentence of about 1200 days, he petitioned for a writ of habeas corpus, contending that since by the terms of the statute (§ 7237(d)) he was not subject to being "released on parole after serving one-third" of his term under Section 4202, he was not subject to release "as if on parole" under Section 4164; that the Parole Board was therefore without jurisdiction to retake him by warrant under Section 4205, and he is therefore entitled to be released forthwith.

The crux of his argument is to the effect that the Board's subject matter jurisdiction on parole is found in Section 4202, and since that Section is expressly inapplicable, the Board is without jurisdiction of one who is mandatorily released "as if on parole."

■ The full and complete answer to this contention is that Sections 4164 and 4205 are unaffected by the exclusionary provisions of Section 7237(d). Parole under 4202 is discretionary in the Board. But, release of a prisoner who has served the full term of his sentence, less statutory good time deductions, is mandatory, and he is to "be treated as if released on parole, and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms for which he was sentenced." 18 U.S.C. § 4164

■ Section 4205 authorizes the Parole Board or a member thereof to issue a warrant for the retaking of any prisoner who has violated his parole within the maximum term or terms for which he was sentenced. These two Sections are *sui generis,* and the jurisdiction of the Parole Board to revoke the parole of a prisoner who has been mandatorily released under Section 4164 is not dependent upon its discretionary jurisdiction under Section 4202. United States v. Figueroa, 2 Cir., 325 F.2d 418; Conley v. United States Board of Parole, D.C. 221 F.Supp. 445; Cf. Hicks v. Reid, 90 U.S.App.D.C. 109, 194 F.2d 327.

■ The statutes are not indefinite or ambiguous with respect to their applicability to this petitioner or the conditions imposed by their terms. The Board did not lack jurisdiction to issue the warrant and retake the prisoner for the service of the remainder of the term of his sentence. The judgment is affirmed.