George Stine SMITH, Plaintiff,

v.

U. S. BOARD OF PAROLE, Chairman, U. S. Attorney General, U. S. Attorney B. Andrew Potter and U. S. Probation Officer Charles R. Paine et al., Defendants.

No. 67–115 Civ.

United States District Court
W. D. Oklahoma.

May 19, 1967.

George Stine Smith, pro se.

Robert L. Berry, Asst. U. S. Atty., Oklahoma City, Okl., for defendants.

## ORDER DISMISSING COMPLAINT

DAUGHERTY, District Judge.

The plaintiff has filed a pro se declaratory judgment action seeking judicial review of actions and decisions of the defendant, U. S. Board of Parole, Department of Justice and the agents thereof under Title 28 U.S.C. § 2201 et seq. The case is now at issue on the defendants' Motion for Summary Judgment or in the alternative Motion to Dismiss with supporting brief and opposing Response and brief of the plaintiff.

The relief sought is equitable in nature to enjoin the restraint of plaintiff's liberty by supervision by the U. S. Probation Officer during the period of mandatory release following release from the U. S. Penitentiary, Leavenworth, Kansas, on March 9, 1967. Prior to release from the institution, the plaintiff refused to sign the Certificate of Mandatory Release of the U. S. Board of Parole which sets out the conditions of mandatory release and requires the mandatory releasee to proceed directly to the Western District of Oklahoma and report to the U. S. Probation Officer responsible for supervision (Charles R. Paine, Chief, U. S. Probation Officer). The Certificate also recites that plaintiff is entitled to 1715 days statutory and extra good time deductions from the maximum term of the sentence and that he is to remain under the jurisdiction of the U. S. Board of Parole, " * * * as if on parole, as provided in Section 4164, Title 18 U.S.C., as amended, under the conditions set forth on the reverse side of this certificate, and is subject to such conditions until expiration of the maximum term or terms of sentence, less 180 days on May 22, 1971." Upon arrival in the U. S. Probation Office for the Western District of Oklahoma, Oklahoma City, Oklahoma, on March 13, 1967, the plaintiff signed U. S. Department of Justice Parole Form I–13, "Notice of Release and Arrival," with the notation "under duress." The plaintiff's residence of record is within the Western District of Oklahoma at Guthrie, Oklahoma.

Although the defendants have enumerated several previous post-conviction attacks by the plaintiff in their Memorandum, the Court finds it necessary only to make brief reference to the case and ensuing sentence which has ultimately resulted in this action as background for this opinion. As reported in Smith v. United States, 273 F.2d 462 (Tenth Cir.–1959), cert. denied 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729 (1960), the plaintiff was sentenced in 1957 to the custody of the Attorney General for a total of 52 years as a first offender for violations of marihuana and narcotics statutes. Title 26 U.S.C., Section 7237, was applicable to the offended statutes and it states that sentence shall not be suspended, or probation or parole granted. On April 17, 1964, the President of the United States commuted the sentence of imprisonment of the plaintiff to a 12 year term.

■ The Court is of the opinion that this action is properly brought in this District as a declaratory judgment action wherein judicial review and injunc-

tive relief are sought from decisions of the U. S. Board of Parole by and through its agents. See Hurley v. Reed, 110 U.S.App.D.C. 32, 288 F.2d 844 (1961); Young v. Director, U. S. Bureau of Prisons, 367 F.2d 331 (D.C. Cir.–1966); Jones v. Rivers, 338 F.2d 862 (Fourth Cir.–1964). Venue is proper in the District of plaintiff's residence in a civil action in which each defendant is an officer or employee of the United States acting in his official capacity. Title 28 U.S.C., Section 1391(e).

The plaintiff has refused to sign the Certificate of Mandatory Release which contains the conditions which are to be obeyed by the releasee during supervision to avoid recommitment to the institution. The refusal to sign was an innocuous act which does not affect the force and effect of the conditions and the requirement of faithful observance of the same. Robinson v. Willingham, 369 F.2d 688 (Tenth Cir.–1966).

By way of definition of the appellation "mandatory release" the Court quotes the following definitive analysis from the landmark opinion of Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, 234 (1963), cert. denied Thompson v. Board of Parole, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963):

"The general category of parolees can be broken down into two distinct groups: mandatory releasees and parolees. Mandatory releasees are those prisoners who have served their sentences less a credit for good behavior, 18 U.S.C. § 4161, and for industrial or employment performance 'good time,' 18 U.S.C. § 4162. When a prisoner has served his sentence less his good time credit he is entitled, as a matter of right, to be released. 18 U.S.C. § 4163. This type of prisoner release is based on an arithmetical computation; there is no discretion in the Bureau of Prisons to deny release. A mandatory releasee does not achieve absolute freedom upon release from prison. For a period of time equal to his good time allowance less 180 days, the mandatory releasee is treated as if he were released as a parolee and is subject to supervision by the United States Parole Board. 18 U.S.C. § 4164 (1958 ed. Supp. II)."

The precise legal issue raised by the plaintiff herein was fully considered in Weber v. Willingham, 356 F.2d 933 (Tenth Cir.–1966), cert. denied 384 U.S. 991, 86 S.Ct. 1897, 16 L.Ed.2d 1008, wherein the Court of Appeals construed and collated the language of various statutes which are also questioned herein including Title 26 U.S.C. Section 7237(d) and Title 18 U.S.C. Section 4164. The Court opined that " * * * Sections 4164 and 4205 are unaffected by the exclusionary provisions of Section 7237(d)." It is also apparent that the power of the Parole Board to supervise and " * * * to revoke the parole of a prisoner who has been mandatorily released under Section 4164 is not dependent upon its discretionary jurisdiction under Section 4202." Also see United States v. Figueroa, 325 F.2d 418 (Second Cir.–1963). Cf. Powell v. D. C. Parole Board, 121 U.S.App.D.C. 280, 349 F.2d 715 (1965). The salutary reason supporting this rule is the rehabilitative supervision which is provided by the U. S. Probation Officer in assisting the parolee or mandatory releasee in the transition from the institutional environment to free society. The salutary purpose of good time deductions is to reduce the time of confinement. Frierson v. Rogers, 289 F.2d 234 (Fifth Cir.–1961). Therefore, the Court concludes that the U. S. Board of Parole has the authority to supervise the plaintiff through May 22, 1971 (maximum term less 180 days) although the offense was not one for which sentence could be suspended or probation or parole granted.

The Complaint does not assert a claim upon which the requested relief can be granted. The Motion to Dismiss of the defendants is sustained and the cause of action asserted in the Complaint is, therefore, dismissed.