258

Billy Leu GREGORY, Plaintiff,

v.

UNITED STATES BOARD OF PAROLE,
Defendant.

Billy Leu GREGORY, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. A. Nos. 17525-3, 17602-3.

United States District Court
W. D. Missouri, W. D.
Aug. 21, 1969.

Lewis E. Pierce, Pierce & Duncan, Kansas City, Mo., for plaintiff and petitioner.

Calvin K. Hamilton, U. S. Atty., by Frederick O. Griffin, Asst. U. S. Atty., Kansas City, Mo., for defendant and respondent.

BECKER, Chief Judge.

### ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS, DISMISSING PETITION FOR DECLARATORY JUDGMENT AND DENYING PETION FOR HABEAS CORPUS

Petitioner, presently in state custody in the Jackson County Jail on a charge of burglary, has petitioned this Court for a declaratory judgment declaring the exercise of supervision and control over him by the Board of Parole to be illegal and unconstitutional and has also petitioned for a writ of habeas corpus in Civil Action No. 17602–3 to release him from such supervision and control. Petitioner requests leave to proceed in forma pauperis on his habeas corpus petition. Leave to proceed in forma pauperis will be granted.

Petitioner states that he was convicted in the United States District Court for the Western District of Missouri of violations of Sections 2312 and 2313, Title 18, U.S.C.; that he was sentenced on December 3, 1965, to five years' imprisonment on the former charge and three years' imprisonment on the latter charge; that the sentences were ordered to run concurrently; that petitioner had been arrested by federal authorities on July 14, 1965, and was thereafter continuously in custody of the United States until he was released from the custody of the penitentiary on April 18, 1969, on "mandatory release"; that "pending appeal of his conviction the defendant signed a so-called 'election not to commence service of sentence' but remained in the custody of the United States and his said conviction was affirmed on August 11, 1966 [by the United States Circuit Court of Appeals for the Eighth Circuit]; that his petition for rehearing was denied on September 16, 1966 and on January 17, 1967 the United States Supreme Court denied his petition for Writ of Certiorari". The files and records herein additionally show that petitioner commenced service of sentence on August 11, 1966, when he was received at the penitentiary; and that on June 7, 1967, the sentencing division of this Court entered an order modifying petitioner's sentence "to reflect the time petitioner was confined in jail pending trial and decision on appeal; and accordingly the original setence (sic) is hereby reduced by 394 days."

Petitioner states the following as grounds for his allegation that he is being held unlawfully:

"Effective June 22, 1966, Section 3568, Title 18, United States Code provided that 'the Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed' and that the mandate from the United States Court of Appeals for the Eighth Circuit was issued and served after the effective date of that statute."

"That Section 4161 [of Title 18, U.S.C., providing for the deduction of good time allowances from the sentence] and 4164 [of the same title, providing that "a prisoner having served his term or terms less good time deduction shall, upon release, be deemed as released on parole until the expiration of the maximum term or terms for which he was sentenced less 180 days"] * * * are ambiguous and repugnant for the reason that under Section 4161 it is provided that good time 'shall be entitled to a deduction from the term of his sentence', consequently each sentence when imposed is subject to the reduction un-

der Section 4161 and therefore a 'term' is the sentence less allowance for good time. Section 4164, therefore, places a man on parole after he has served the maximum term of his sentence and is therefore a violation of due process of law under the Fifth Amendment of the United States Constitution and amounts to a cruel and unusual punishment as prohibited by the Eighth Amendment to the United States Constitution and is in effect a bill of attainder as prohibited by Section 9 of Article I of the Constitution of the United States.

"That the defendant, United States Board of Paroles, is exercising and attempting to exercise authority over the plaintiff until the 2nd day of December, 1969 and that under the laws of the United States, including Section 4161 and 4164 of Title 18, United States Code, the defendant's computation of the time the plaintiff is to remain under their supervision is not computed correctly."

■ Petitioner's petition for a declaratory judgment should be dismissed. The *statutory provision for declaratory judgments in federal courts*, Section 2201, Title 28, U.S.C., ordinarily provides remedies in certain controversies where no other remedy is available. Here, habeas corpus is the preferred remedy. A petition for habeas corpus is the proper and adequate remedy by which to challenge the legality and constitutionality of the exercise of control over one's person by the Government. Christopher v. Iowa (C.A.8) 324 F.2d 180, 181. It is the preferred means by which to test the legality and constitutionality of the conditions thereof. Harris v. Harris (W.D.Mo.) 222 F.Supp. 918; In re Baptista (W.D.Mo.) 206 F. Supp. 288. Therefore, the petition for declaratory judgment will be dismissed for the reason that a speedier preferred remedy is available to petitioner in habeas corpus. Christopher v. Iowa, *supra.*

■ Considered as a petition for habeas corpus, petitioner's claims are not meritorious. The first contention that Sections 4161 and 4164 are "ambiguous and repugnant" is not meritorious. Section 4164 expressly states that a mandatory releasee shall be deemed "as if released on parole until the expiration of the maximum term or terms *for which he was sentenced* less one hundred and eighty days." (Emphasis added.) The period for which a mandatory releasee is deemed "as if released on parole" is thereby clearly defined and distinguished from "his term or terms less good-time deduction", at the completion of which he is to be mandatorily released according to Section 4163, Title 18, U.S.C., and deemed "as if on parole" under Section 4164. In Sprouse v. Settle (C.A.8) 274 F.2d 681, 683, the Eighth Circuit Court of Appeals held that the statutory scheme thereby created was intelligible and explained its workings as follows:

"The provisions of § 4161 for good-conduct allowances to a prisoner, and for aggregation of the lengths of the consecutive sentences against him as a basis for arriving at the rate and amount of book-credits necessary to entitle a conditional release to be issued, do not change or affect the legal length of the sentence or sentences against the prisoner, or the time when service of any such sentence is made to commence by the judgment of the court. Sections 4161 and 4162, in conjunction with §§ 4163 and 4164, simply provide a means by which it is possible for a prisoner to achieve a different form or mode of effecting service of part of the term or terms of sentence existing against him, when his accumulation of good time has reached the point where it is entitled to become effective in conditional release."

See also Morneau v. United States Board of Parole (C.A.8) 231 F.2d 829, cert. den. 351 U.S. 972, 76 S.Ct. 1037, 100 L. Ed. 1490; Humphrey v. Wilson (W.D.

Mo.) 281 F.Supp. 937.[1] Petitioner is thus subject to being retaken into custody by Board warrant up until the last 180 days of his maximum term of sentence. Sprouse v. Settle, *supra*; Humphrey v. Wilson, *supra*.

■ Similarly, the constitutionality of Section 4164 is well established. Desmond v. United States Board of Parole (C.A.1) 397 F.2d 386; Masterson v. Lindsay (C.A.4) 219 F.2d 236. It has been upheld against challenges of deprival of due process, Desmond v. United States Board of Paroles, *supra*, against challenges that it permits the parole board to deprive a prisoner of earned good time, O'Neal v. Fleming (C.A.4) 201 F.2d 665, and against challenges that it imposes "cruel and unusual punishment." Wood v. Ciccone (W.D.Mo.) Civil Action No. 17191-2. See also Evans v. Hunter (C.A.10) 162 F.2d 800, cert. den. 332 U.S. 818, 68 S.Ct. 144, 92 L.Ed. 395 and Chandler v. Johnston (C.A.9) 133 F.2d 139, holding the predecessor of Section 4164, upon which it is substantially based, not to impose cruel and unusual punishment. Former section 716b of the same title, which forms the basis of the present statute, was upheld against a contention that it constituted a bill of attainder in Story v. Rives, 68 App.D.C. 325, 97 F.2d 182, cert. den. 305 U.S. 595, 59 S.Ct. 71, 83 L.Ed. 377. Petitioner's contention in this regard is therefore without merit.

■ Petitioner's contention that the computation of his sentence was not made correctly is also without merit. The following facts, upon which that contention is based, are undisputed: petitioner was sentenced on December 3, 1965, to concurrent terms of five years' and three years' imprisonment; he had been placed in jail in connection with the offenses on July 14, 1965; he was received at the penitentiary on August 11, 1966; on June 7, 1967, the sentencing court "modified" petitioner's sentence "to reflect the time petitioner was confined in jail pending trial and decision on appeal"; the warrant under which the Board seeks to retake petitioner into custody was issued on July 2, 1969; and the Board of Parole is attempting to exercise restraint over petitioner until December 2, 1969, which the Board contends represents the termination date of the "maximum term * * * for which [petitioner] was sentenced less one hundred and eighty days."

The contention is without merit. Under the provisions of Section 3568, Title 18, U.S.C., petitioner commenced service of his sentence on August 11, 1966, the day on which he was received at the penitentiary. Because the offenses for which petitioner was sentenced did not require a minimum mandatory sentence under the provisions of Section 3568, as that section read at the date of the imposition of sentence, the Attorney General was not bound to give petitioner credit for jail time, as he would have been under the 1966 amendment thereto (affecting sentences imposed on or after 90 days after June 22, 1966). Therefore, the result of the modification to reflect 394 days of jail time was a 3-year, 11-month, 1-day sentence running from August 11, 1966. The warrant of the Parole Board which issued on July 2, 1969, was issued before the expiration of petitioner's maximum term for which he was sentenced less 180 days and the Parole Board continues at this date to have jurisdiction over the petitioner. See Humphrey v. Wilson, *supra*.

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

---

1. In a very recent case, the Eighth Circuit Court of Appeals has explicitly ruled, in reliance on these cases, that "[a] release may be mandatory under § 4163 but, under § 4164, it remains conditional for the period therein specified." Williams v. Ciccone (C.A.8) 415 F.2d 331 (decided August 26, 1969).

Ordered that the petition for declaratory judgment herein be, and the same is hereby, dismissed. It is further

Ordered that the petition herein for habeas corpus be, and the same is hereby, denied.