Raymond **ARCINIEGA,** Petitioner-Appellant,

v.

Edward R. **FREEMAN,** U. S. Marshal, Respondent-Appellee.

No. 26244.

United States Court of Appeals, Ninth Circuit.

March 1, 1971.

Rehearing Denied April 1, 1971.

John B. Gross, Lynwood, Cal., for petitioner-appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim.Div., Robert P. Scheinblum, Asst. U. S. Atty., Los Angeles, Cal., for respondent-appellee.

Before CARTER, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

This appeal was taken from the district court's denial of appellant's petition for habeas corpus. This court has jurisdiction under 28 U.S.C. § 2253, and Rule 22 of the F.R.App.Proc. We affirm.

On November 8, 1960, appellant was sentenced to ten years imprisonment for the illegal sale of heroin in violation of 21 U.S.C. § 174. He was mandatorily released from custody in September 1967 under 18 U.S.C. § 4164, with a total of 1,142 days of accumulated good time, *i. e.,* time remaining to be served. Under the terms of his release, he was prohibited from associating with persons having criminal records.

On March 11, 1969, he was arrested by local authorities in Torrance, California. The charges were later dismissed. He was arrested six days later as a parole violator for several reasons including associating with persons having criminal records. After a parole revocation hearing, at which appellant admitted working in the same restaurant and bar as ex-convicts Robles and Martinez, the Parole Board revoked his parole.

Appellant petitioned for a writ of habeas corpus. The district court upheld the Parole Board and denied the writ because appellant had associated with persons having criminal records.

■ On appeal appellant raises three issues. First, he asserts there is no evidence of his association with ex-convicts in violation of his parole. This is simply not true. Appellant has admitted to working in the same place as two other ex-convicts.

In Di Marco v. Greene, 385 F.2d 556, 563 (6th Cir. 1967), merely riding in an automobile with an ex-convict was held to be sufficient association. The court in *Di Marco* went on to hold that "the undoubted purpose of the parole condition was to forbid parolees from keeping company with convicts or other persons of bad reputation." At 562.

■ The test to be applied is whether there was any basis for the Parole Board's action. *Di Marco, supra.* On a petition for habeas corpus the reviewing court may not determine de novo whether petitioner in fact did violate his parole, nor may the court pass upon the sufficiency or reliability of the information upon which the revocation was based. Rogoway v. Warden, 122 F.2d 967 (9th Cir. 1941), cert. denied, 315 U.S. 808, 62 S.Ct. 797, 86 L.Ed. 528, rehearing denied, 316 U.S. 707, 62 S.Ct. 941, 86 L.Ed. 1774.

■ The court may not substitute its judgment for that of the Parole Board because these are all matters within the informed judgment and discretion of the administrative body. Zerbst v. Kidwell, 304 U.S. 359, 362, 58 S.Ct. 872, 82 L.Ed.

1399 (1948). Applying these standards to the facts of this case the conclusion is inescapable that there was some basis for the Parole Board's action.

■ Appellant's second contention that the Parole Board did not have jurisdiction to revoke his mandatory release is also incorrect. A narcotics violator who is mandatorily released is under the jurisdiction of the Parole Board. Weber v. Willingham, 356 F.2d 933 (10th Cir. 1966), cert. denied, 384 U.S. 991, 86 S.Ct. 1897, 16 L.Ed.2d 1008; Powell v. D. C. Parole Board, 121 U.S. App.D.C. 280, 349 F.2d 715 (1965); United States v. Figueroa, 325 F.2d 418 (2d Cir. 1963). Since appellant's sentence did not expire until ten years minus 180 days after it began, he was subject to parole supervision until May 11, 1970.

Since appellant was still subject to parole supervision, 18 U.S.C. § 4205 authorizes the retaking of any prisoner who has violated his parole within the maximum term for which he was sentenced. The Parole Board had jurisdiction to revoke the parole. Weber v. Willingham, *supra,* at 934.

Finally, appellant contends that the Parole Board and district court erred in admitting in evidence portions of the transcript of Martinez's parole revocation hearing since it was not introduced in evidence at appellant's revocation hearing.

■ In determining whether parole should be revoked the Parole Board can consider all information, including hearsay, which relates to a parole violation. Hyser v. Reed, 318 F.2d 225 (D.C.Cir. 1963), cert. denied 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315.

■ Due process does not require the board to permit cross-examination of its source of information in parole revocation proceedings. Hyser v. Reed, *supra,* at 238.

■ Since appellant was accorded a chance to explain the situation in compliance with Escoe v. Zerbst, 295 U.S.

490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935), the board and district court properly admitted the Martinez transcript into evidence.

Affirmed.