Michele **MARCHESE**, Plaintiff-Appellant,

v.

Angus D. **McEACHEN**, Chief United States Probation Officer, et al., Defendants-Appellees.

No. 25434.

United States Court of Appeals, Ninth Circuit.

Nov. 29, 1971.

Rehearing Denied Dec. 27, 1971.

Russell E. Parsons, Los Angeles, Cal. (argued), Burton Marks, Beverly Hills, Cal., for plaintiff-appellant.

Alan W. Peryam (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Chief, Civil Div., Los Angeles, Cal., for defendants-appellees.

Before BROWNING and CHOY, Circuit Judges, and CRAIG,* District Judge.

PER CURIAM:

Marchese appeals the dismissal of his action under the Civil Rights Act for injunction and declaratory relief. We affirm.

Marchese was convicted of a narcotics violation in 1958 and began serving a 10-year sentence on July 10, 1959. After serving four and one-half years, he was released on bail while rulings in his favor in a habeas corpus proceeding were appealed. He remained free on bail approximately three and one-half years, from October 1, 1963, to June 12, 1967. He was returned to prison on the latter date when his habeas victory was reversed, and remained in prison until his

mandatory release date, July 18, 1969, calculated on the basis of a ten year prison term less 1200 days' good behavior time accrued.

"Good time" discharges are governed by 18 U.S.C. §§ 4161–4164. Section 4164 provides:

"A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days."

Marchese was released "as if released on parole," and it is apparently contemplated that he will remain subject to the conditions of parole for 1200 days less the statutory exclusion of 180 days. He contends that he was entitled to unconditional release.

1. Marchese argues that since narcotics offenders are prohibited from obtaining parole, probation, or a suspended sentence (26 U.S.C. § 7237(d)), he cannot be subjected to "quasi parole" under section 4164 when released early due to good behavior. Every court to consider the question has held that section 7237 does not operate to exempt narcotics offenders from section 4161 supervision. Weber v. Willingham, 356 F.2d 933, 934 (10th Cir. 1966); Powell v. D. C. Board of Parole, 121 U.S.App.D.C. 280, 349 F.2d 715, 716 (1965); Fuller v. Weakley, 349 F.2d 90, 93 (4th Cir. 1965); United States v. Figueroa, 325 F.2d 418, 419 (2d Cir. 1963). We agree.

2. Marchese argues that the three and one-half years he was out on bail between 1963 and 1967 should be credited toward any period of supervision the authorities now seek to impose. However, section 4164 clearly calls for a period of "quasi-parole" *after* completion of a prison sentence with good behavior. Such post-incarceration supervision serves an obvious rehabilitative pur-

* Honorable Walter E. Craig, United States District Judge, District of Arizona, sitting by designation.

pose. There is neither precedent nor reason for treating time spent on bail as equivalent to parole time. We do not, for example, accord such treatment to time spent on bail pending appeal. *Cf.* Leyvas v. United States, 371 F.2d 714 (9th Cir. 1967).

Affirmed.