Charles Curtis HARRIS, Plaintiff,

v.

UNITED STATES BOARD OF PAROLE, Defendant.

No. 77–31–C.

United States District Court, E. D. Oklahoma.

Feb. 15, 1977.

Charles Curtis Harris, pro se.

Richard A. Pyle, U. S. Atty., Muskogee, Okl., for defendant.

**200**

ORDER OF DISMISSAL

DAUGHERTY, District Judge.

Because it was accompanied by papers satisfying the requirements of 28 U.S.C. § 1915(a) the plaintiff has been permitted to file in forma pauperis his "Petition for Declaratory Judgment and Injunctive Relief" but because it is frivolous and without color of merit the cause will be dismissed. See *Oughton v. United States*, 310 F.2d 803 (CA10 1962), cert. denied, 373 U.S. 937, 83 S.Ct. 1542, 10 L.Ed.2d 693.

The plaintiff alleges that he was convicted of violation of § 4704(a), Title 26 United States Code and that sentence was imposed under § 7237(a) of Title 26, U.S.C. He states that he served six years eight months on the sentence and was mandatorily released on December 17, 1973, with three years four months of the sentence remaining to be served. He contends that 18 U.S.C. § 4164 is an ex post facto law and unconstitutional and that as a violator of the Narcotic Control Act of 1956 he cannot be legally placed under supervisory jurisdiction of the U. S. Board of Parole because 26 U.S.C. § 7237 deprives the agency of jurisdiction over such special class of prisoners.

■ This court does not have jurisdiction over the Petition for Declaratory Judgment. *Rubio v. Chairman, U. S. Parole Board, Chicago Div., Illinois*, 356 F.Supp. 943 (N.D.Ill.1973). In *Gregory v. United States Board of Parole*, 308 F.Supp. 258 (W.D.Mo.1969) the petitioner was seeking similar relief and the court held:

"Petitioner's petition for a declaratory judgment should be dismissed. The statutory provision for declaratory judgments in federal courts, Section 2201, Title 28, U.S.C., ordinarily provides remedies in certain controversies where no other remedy is available. Here, habeas corpus is the preferred remedy. A petition for habeas corpus is the proper and adequate remedy by which to challenge the legality and constitutionality of the exercise of control over one's person by the Government. *Christopher v. Iowa* (C.A.8) 324 F.2d 180, 181. It is the pre-

ferred means by which to test the legality and constitutionality of the conditions thereof. *Harris v. Harris* (W.D.Mo.) 222 F.Supp. 918; *In re Baptista* (W.D.Mo.) 206 F.Supp. 288. Therefore, the petition for declaratory judgment will be dismissed for the reason that a speedier preferred remedy is available to petitioner in habeas corpus. *Christopher v. Iowa*, supra."

308 F.Supp. at 260.

■ Assuming the petitioner's place of custody is in this district, and no facts are alleged to establish that jurisdictional basis, the court could treat the application as a petition for writ of habeas corpus. *Rubio v. Chairman, U. S. Parole Board, Chicago Div., Illinois*, supra. Considered, however, as a petition for writ of habeas corpus his challenges to the constitutionality of 18 U.S.C. § 4164 are without merit. Ibid. As pointed out in *Gregory v. United States Board of Parole*, supra, at 261:

"Similarly, the constitutionality of Section 4164 is well established. *Desmond v. United States Board of Parole* (C.A.1) 397 F.2d 386; *Masterson v. Lindsay* (C.A.4) 219 F.2d 236. It has been upheld against challenges of deprival of due process, *Desmond v. United States Board of Paroles*, supra, against challenges that it permits the parole board to deprive a prisoner of earned good time, *O'Neal v. Fleming* (C.A.4) 201 F.2d 665, and against challenges that it imposes 'cruel and unusual punishment.' *Wood v. Ciccone* (W.D.Mo.) Civil Action No. 17191–2. See also *Evans v. Hunter* (C.A.10) 162 F.2d 800, cert. den. 332 U.S. 818, 68 S.Ct. 144, 92 L.Ed. 395 and *Chandler v. Johnston* (C.A.9) 133 F.2d 139, holding the predecessor of Section 4164, upon which it is substantially based, not to impose cruel and unusual punishment. Former section 716b of the same title, which forms the basis of the present statute, was upheld against a contention that it constituted a bill of attainder in *Story v. Rives*, 68 U.S.App.D.C. 325, 97 F.2d 172, cert. den. 305 U.S. 595, 59 S.Ct. 71, 83 L.Ed. 377. Petitioner's contention in this regard is therefore without merit."

The contention that 18 U.S.C. § 4164 is an ex post facto law was specifically rejected in *Burgos v. United States Board of Parole*, 360 F.Supp. 316, 319 (N.D.Ill.1973):

> "Equally without validity is the plaintiff's assertion that Section 4164 is an ex post facto law. The definition of ex post facto law includes 'every law that changes the punishment and inflicts a greater punishment than the law annexed to the crime when committed.' *Calder v. Bull*, 3 Dall. 386, 390, 3 U.S. 386, 390, 1 L.Ed.2d 648 (1798). However, as the defendant observed, the prohibition against ex post facto laws is only relevant when the law is promulgated or changed after a person has committed a crime. *Graham v. Thompson*, 246 F.2d 805 (10th Cir., 1957). There is absolutely no indication in the instant case that Section 4164 was changed or promulgated subsequent to the plaintiff's commission of the aforementioned offenses. Therefore, the provision is not an ex post facto law as to the plaintiff."

In construing the intent of Congress, 26 U.S.C. § 7237(d) and 18 U.S.C. § 4164 must be considered together. In doing so it is clear that the utilization of the United States Board of Parole in carrying out the provisions of Section 4164 that a mandatory releasee shall "be deemed as if released on parole" is not inconsistent with the general inapplicability of the parole powers of the Board to persons committed pursuant to Section 7237(d). *Powell v. D. C. Parole Board*, 121 U.S.App.D.C. 280, 349 F.2d 715 (1965).

For the foregoing reasons IT IS ORDERED that the "Petition for Declaratory Judgment and Injunctive Relief" be and the same is hereby dismissed.