979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas PLUMLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-15050.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 18, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas Plumley, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2241 habeas corpus petition challenging the United States Parole Commission's (Commission) setting of a presumptive parole date. Plumley contends that after the Commission revoked his mandatory release and set a new release date, the Commission did not have statutory authority to rescind the new release date. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), and affirm.
 
 
 3
 On February 14, 1983, Plumley was convicted of bank robbery and use of a dangerous weapon, in violation of 18 U.S.C. § 2113(a) & (d), and sentenced to 12 years imprisonment. On February 16, 1990, he was granted mandatory release pursuant to 18 U.S.C. § 4163. After a hearing on July 17, 1990, the Commission found that Plumley had violated the conditions of his mandatory release. It revoked the mandatory release and set his presumptive parole date at July 18, 1991. After another hearing on August 19, 1991, the Commission reset the presumptive parole date.
 
 
 4
 Plumley contends that because he once was granted mandatory release, the release date of July 18, 1991, was a new mandatory release date, rather than a presumptive parole date, and therefore the Commission lacked authority to prevent his release on July 18, 1991.
 
 
 5
 18 U.S.C. § 4163 provides for mandatory release of a prisoner "at the expiration of his term of sentence less the time deducted for good conduct." Upon mandatory release, the prisoner is "deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." 18 U.S.C. § 4164. Thus, after mandatory release, the Commission retains authority to supervise the prisoner as a parolee until 180 days before his full term expires. McQuerry v. United States Parole Com'n, 961 F.2d 842, 845 (9th Cir.1992); Boniface v. Carlson, 881 F.2d 669, 672 (9th Cir.1990) (after revocation of mandatory release, prisoner is resentenced as a parole violator); Arciniega v. Freeman, 439 F.2d 776, 777 (9th Cir.) (per curiam), rev'd on other grounds, 404 U.S. 4 (1971) (per curiam).
 
 
 6
 Accordingly, after Plumley's mandatory release was revoked, the Commission had authority to set and rescind presumptive parole dates. See McQuerry, 961 F.2d at 845; Boniface, 881 F.2d at 672; Arciniega, 439 F.2d at 777. Plumley's contention therefore lacks merit.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3